UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILLIAN L. PIERCE,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF MARIN, *et al.*,<br><br>    Defendants. | Case No. 17-cv-03409-SI<br><br>**ORDER RE: DEFENDANT PENDER'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 75 |

Defendant Pender's motion to dismiss the first amended complaint is scheduled for a hearing on June 1, 2018. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court finds that it is in the interest of judicial efficiency for plaintiff to file an amended complaint clarifying the nature of her claims against defendant Pender. Plaintiff shall file the amended complaint no later than **June 6, 2018**. **The case management conference scheduled for June 1, 2018 at 3:00 p.m. remains on calendar**.

**BACKGROUND**

This lawsuit arises from plaintiff Jillian L. Pierce's repeated mistaken arrests and detentions based on warrants issued for another individual named Arin Emily Huggard. First Amended Complaint ("FAC") at ¶ 26 (Dkt. No. 41). Huggard is "[w]hite, 5' 6" tall, and has distinctive tattoos . . . ." *Id*. ¶ 25. The FAC alleges that plaintiff "does not appear to be white and, in fact, she is of mixed ethnicity, including Filipino, and her skin complexion is dark," and that "Huggard's distinctive tattoos are unique to her." *Id*. Plaintiff's tattoos are "different from those of Huggard." *Id*. ¶ 29.

Plaintiff alleges that on or around July 15, 2013, Huggard was arrested in the County of Marin and was booked into the Marin County Jail. *Id.* ¶ 19. Huggard was fingerprinted and photographed (from the front and both sides), and identifying information about her, including any distinctive characteristics, was documented. *Id.* At least by the time of the 2013 booking, Huggard was assigned a unique CII number.[1] *Id.* The same day, Huggard was charged in a complaint filed in Marin County Superior Court Case No. SC185382A with felony and misdemeanor drug possession charges, as well as one count of a misdemeanor violation of California Penal Code section 148.9(a) (representing a false identity to a California peace officer). *Id.*

On July 23, 2013, Huggard pled guilty to one count of felony drug possession, after which a Marin County Sheriff's Office Deputy took Huggard's thumbprint and placed a copy in the court file for Case No. SC185382A. *Id.* ¶ 22. Following the guilty plea, Huggard was placed on probation and released from custody. *Id.* ¶ 23. In February 2014, proceedings were held at the Marin County Superior Court in Case No. SC185382A as a result of Huggard's violation of probation. *Id.* ¶ 24. Huggard did not appear in court, and the judge issued a bench warrant for her arrest. *Id.*

Plaintiff alleges that between May 21, 2014, and May 10, 2016, she was repeatedly wrongfully arrested and detained pursuant to arrest warrants for Huggard that were issued by the County of Marin. Most of the allegations of the FAC relate to the Marin County defendants, and plaintiff alleges that although she informed Marin County that she was not Huggard, the Marin County defendants failed to correct the information in its warrant database, resulting in plaintiff's multiple wrongful arrests and detentions. The Court has discussed those allegations at length in a February 14, 2018 order denying the Marin County defendants' motion to dismiss the FAC, and this order incorporates that discussion by reference. *See* Dkt. No. 70 at 1-7 (discussing

---

[1] The FAC alleges that the CII number is a unique identifying number that the California Department of Justice ("CDOJ") assigns to every person booked into a California jail. *Id.* ¶ 48. The CII number is tied to the booked person's fingerprint, which is unique to the person. *Id.* A jailer can obtain an arrestee's CII number, associated identifiers and the arrestee's criminal history by sending the arrestee's fingerprint image to the CDOJ, if the fingerprint is already on file. *Id.*

2

allegations).

Plaintiff's claims against defendant Pender, a California Highway Patrol officer, arise out of Pender's February 11, 2016 arrest of plaintiff pursuant to the Marin County warrant for Huggard. Plaintiff's factual allegations against defendant Pender are largely set forth in paragraph 35 of the FAC, which alleges,

> On February 11, 2016, Plaintiff was pulled over by Defendant MATTHEW PENDER and possibly another California Highway Patrol Officer or Officers that worked out of the Hayward Area CHP Office in the area of Eastbound 92 to Northbound 880. Defendant PENDER and these to-be-identified DOE Defendants informed Plaintiff that they believed she had an arrest warrant out of the COUNTY OF MARIN. This later turned out to be the warrant in Case No. SC185382A, which names ARIN EMILY HUGGARD. Plaintiff is dark-skinned, and is of Filipino descent. Plaintiff explained to Defendant PENDER (and any other CHP Officers that were present) that this had happened before and that she was not the suspect subject to the warrant. Defendant PENDER and any to-be-identified DOE Defendants detained, ultimately arrested, and unconstitutionally impounded the vehicle of Plaintiff JILLIAN L. PIERCE, pursuant to a warrant naming one "Arin Emily Huggard," despite her protestations that she was being misidentified; not only was the name in the warrant different, but important identifying information on the warrant – and information unique to the subject of the warrant – varied from that of Plaintiff in important respects, including, but not limited to, the distinctive physical features of Huggard, the distinctive tattoos of Huggard, the height of Huggard, the CII number of Huggard, the fingerprints of Huggard, the physical appearance of Huggard, and with respect to other characteristics that could be researched on a Mobile Dispatch Computer, by calling dispatch, by contacting the COUNTY OF MARIN Jail or other institutions where Huggard was known to have been previously booked, or by conducting other investigation. A telephone number for the COUNTY OF MARIN Sheriff's Office, which is inferably a Warrants and Wants division, was displayed on the warrant abstract; Defendant PENDER could have easily called this number, but failed to do so. Indeed, Defendant PENDER failed to take a picture of Ms. Pierce, failed to note any "Salient Characteristics" (also known as "SMT's"), and failed to confirm Ms. Pierce's identity was that of the wanted subject. Defendant PENDER also failed to call either the COUNTY OF MARIN PROBATION department or the COUNTY OF MARIN Sheriff, in order to request fingerprint, photograph, or other identifying information regarding the subject of the warrant. PENDER and these to-be-identified CHP Defendants were responsible for conducting a reasonable investigation into the identity of the subject they had detained because the above-described circumstances indicated to PENDER and these DOE defendants that further investigation was warranted, and should have prompted the officers to engage in readily available identity checks, to both investigate Plaintiff's misidentification complaint and ensure they were not detaining, arresting, impounding the vehicle of, and ultimately causing the wrong person (Plaintiff) to be booked into the Santa Rita Jail, where she would be subjected to a strip search and visual body cavity search, and then potentially transported to the COUNTY OF MARIN. Defendant PENDER and the other CHP Defendants also failed to take reasonable steps to attempt to turn over possession of Plaintiff's vehicle to a qualified driver that could drive it away, instead of impounding it.

FAC ¶ 35; *see also id*. at ¶ 10(a) (containing similar factual allegations).

3

**DISCUSSION**

Defendant Pender moves to dismiss plaintiff's Fourth and Fourteenth Amendment claims arising out of her February 11, 2016 arrest and subsequent detention at Santa Rita Jail. Pender contends that the FAC does not state a claim against him because plaintiff's allegations, and the reasonable inferences to be drawn therefrom, show that Pender arrested plaintiff pursuant to a "facially-valid" warrant issued by Marin County, and because plaintiff's name matched the suspected alias of the warrant target, Arin Huggard. Motion at 3-4 (Dkt. No. 75). Alternatively, defendant argues that the FAC does not state a claim against him because the allegations against him are too vague and the FAC does not explicitly allege that Pender lacked probable cause to arrest plaintiff. Pender also argues that he is entitled to qualified immunity because "ample, controlling authority establishes that an officer is justified in arresting a person named in a warrant, regardless of their protestations of innocence or mistaken identity." *Id.* at 5-6 (citing cases).

In her opposition, plaintiff clarifies that she is not alleging any Fourteenth Amendment claims against defendant Pender. Opp'n at 15-16 (Dkt. No. 82). With regard to the Fourth Amendment claims,[2] plaintiff argues that Pender is drawing unreasonable inferences from the allegations of the FAC, and that Pender is asking this Court "to essentially read facts that might support his theories of defense into the FAC." *Id.* at 3:20-21. For example, plaintiff argues the FAC does not allege that the warrant was "facially-valid," and that the phrase "'criminal aliases' appears nowhere in the FAC, nor does the FAC explicitly state anywhere that Plaintiff's and Huggard's names were associated as criminal aliases." *Id.* at 3:8-10. Plaintiff's opposition also repeatedly refers to additional facts, not pled in the FAC, that plaintiff contends support a Fourth Amendment claim against Pender. *See e.g. id.* at 7 n.2, 9. Plaintiff's opposition also suggests that, regardless of the disposition of the current motion, she intends to file an amended complaint adding a new defendant, the CHP officer who, along with Pender, arrested plaintiff on February

---

[2] Plaintiff challenges her February 11, 2016 arrest, the impoundment of her vehicle concomitant to her arrest, and her detention at Santa Rita Jail that followed her arrest. Plaintiff's opposition also states that she asserts that Pender used unreasonable force against her during the arrest, and that plaintiff wishes to clarify the unreasonable force allegations in an amended complaint.

4

11, 2016. *See id.* Finally, plaintiff requests leave to amend if the Court is inclined to grant any portion of defendant's motion.

The Fourth Amendment requires that a warrant particularly describe the subject of the warrant. U.S. Const. amend. IV. A warrant that specifies the subject's name and a detailed physical description satisfies the particularity requirement. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 388 (9th Cir. 2014) (citing *United States v. Espinosa*, 827 F.2d 604 (9th Cir. 1987)), *cert. denied sub nom. Rivera v. Cty. of Los Angeles, Cal.*, 135 S. Ct. 870 (2014) (Mem.). In a case where a person has been mistakenly arrested pursuant to a warrant issued for another individual, "the question is whether the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant." *Id.* at 389 (citing *Hill v. California*, 401 U.S. 797, 804 (1971) ("[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and on the record before us the officers' mistake was understandable and the arrest a reasonable response to the situation facing them at the time.").

In light of plaintiff's request to file an amended complaint to name an additional defendant, as well as the references in plaintiff's opposition to facts that are not alleged in the FAC, the Court finds that it is appropriate to allow plaintiff to file an amended complaint clarifying the nature of her claims against defendant Pender. In contrast to plaintiff's allegations regarding the other defendants, the FAC's allegations against Pender are somewhat imprecise and lacking in detail, and the FAC does not clearly allege that Pender lacked a good faith, reasonable belief that plaintiff was the subject of the warrant. The FAC alleges that on February 11, 2016, Pender and another CHP officer (the soon-to-be-named defendant) pulled plaintiff over and informed her "that they believed she had an arrest warrant out of the COUNTY OF MARIN." FAC ¶ 35. Pender argues that this allegation means that "Officer Pender had a reasonable belief that probable cause existed to arrest plaintiff on the Huggard warrant, and Officer Pender is accordingly shielded by qualified immunity." Reply at 2:6-8 (Dkt. No. 83). Plaintiff argues that "it is unclear exactly why Pender contended that he believed Plaintiff had an arrest warrant out of the County of Marin; and Pender's counsel has refused to provide any documents or information that would shed light on this point." Opp'n at 3:17-19. However, it is plaintiff's burden to plead facts showing that Pender

did not have a reasonable belief that plaintiff was Huggard. The FAC alleges that there was in fact a warrant from the County of Marin issued in Huggard's name, and that at the time Pender arrested plaintiff, she protested that she was not Huggard. Thus, absent any allegations to the contrary, it is reasonable to infer from the FAC that Pender believed that plaintiff was Huggard and arrested her pursuant to the Marin County warrant issued in Huggard's name.[3] *See Rivera*, 745 F.3d at 389; *see also Garcia v. County of Riverside*, 817 F.3d 635, 643 (9th Cir. 2016) (in the context of misidentification cases, distinguishing cases because "arresting officers in the field . . . cannot always pause to make inquiries on a warrant.").

## CONCLUSION

The Court finds that it is in the interest of judicial efficiency for plaintiff to file an amended complaint adding the new defendant and clarifying her claims against defendant Pender. Defendant Pender may renew his motion to dismiss the amended complaint if he wishes.

The amended complaint shall be filed by **June 6, 2018**.

**IT IS SO ORDERED**.

Dated: May 24, 2018

SUSAN ILLSTON
United States District Judge

---

[3] Further, based upon the allegations of the FAC, it appears that although Huggard and plaintiff have different birthdays, the warrant for Huggard may have listed plaintiff's birthday and other physical descriptors of plaintiff. *See id*. ¶ 41 (alleging that in April 2016, the County of Marin Sheriff's department failed to correct the warrant for Huggard and that "further steps were taken to notify COUNTY OF MARIN employees and agents, in order to correct this wrongful, tortious and constitutionally violative association of and conflation of Plaintiff's birthday and physical description with that of the actual, wanted suspect"). In addition, although plaintiff is correct that the FAC does not explicitly allege that Pender believed that plaintiff's name was used as an alias for Huggard, elsewhere in the FAC there are allegations that suggest that plaintiff's name was in some way associated with Huggard. *See id*. ¶ 42 (alleging that subsequent to Pender's arrest of plaintiff, in a separate incident with other law enforcement personnel, "UPD officers were told by their dispatcher that there was a warrant in the name of Arin Emily Huggard, in relation to which Ms. Pierce's name came up.").